RENDERED:  OCTOBER 20, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0664-MR

JAMES RILEY                                                              APPELLANT

APPEAL FROM CAMPBELL CIRCUIT COURT
v.          HONORABLE JULIE REINHARDT WARD, JUDGE
ACTION NO. 21-CR-00702

COMMONWEALTH OF KENTUCKY                                         APPELLEE

OPINION AND ORDER
DISMISSING

** ** ** ** **

BEFORE:  CETRULO, JONES, AND TAYLOR, JUDGES.

JONES, JUDGE:  James Riley appealed to this Court as a matter of right from the
Campbell Circuit Court's judgment sentencing him to a term of twelve months'
imprisonment, to be run consecutively to any other sentence.  Riley's appeal
concerns the use of consecutive rather than concurrent sentencing in his case.
However, on August 14, 2023, the Commonwealth moved this Court to dismiss the
appeal, asserting that Riley had served out his sentence and was no longer a
prisoner in the above matter.  Because Riley only challenged the length of his

sentence and not the conviction itself, the Commonwealth asserts the matter is now moot. Riley does not deny that he is no longer in custody, but he argues this Court should consider the appeal on grounds that the issue may be "capable of repetition, yet evading review," an acknowledged exception to the mootness doctrine. *Morgan v. Getter*, 441 S.W.3d 94, 100 (Ky. 2014).

Having considered the Commonwealth's motion, Riley's response, and the applicable law, we agree with the Commonwealth that the issue on appeal is moot. A moot case is one in which "a judgment when rendered . . . cannot have any practical legal effect upon a *then* existing controversy." *Newkirk v. Commonwealth*, 505 S.W.3d 770, 774 (Ky. 2016) (quoting *Commonwealth v. Terrell*, 464 S.W.3d 495, 498-99 (Ky. 2015)). The Commonwealth has correctly pointed out that the result of any decision we make here will not affect Riley, as he has already been released from his sentence.

Riley argues that this matter is capable of repetition because the Campbell Circuit Court may sentence another defendant to a consecutive twelve-month sentence, and there will be no way to address the grievance promptly before the defendant serves out the sentence. However, application of the exception requires satisfying two elements: whether "the challenged action is too short in duration to be fully litigated prior to its cessation or expiration and . . . there is a reasonable expectation that the *same complaining party* would be subject to the

same action again." *Commonwealth v. Collinsworth*, 628 S.W.3d 82, 86 (Ky. 2021) (emphasis added) (internal quotation marks and citations omitted). Here, the second element is not met. Although it is possible that Riley *may* be subject to a similar action in the future, the prospect is too speculative to form a "reasonable expectation" that he will be again subject to such an action.

Riley has also suggested that the public interest exception to the mootness doctrine may apply. However, the public interest exception requires three elements: "(1) a question involving a public nature; (2) a need for an authoritative determination for the future guidance of public officers; and (3) a likelihood of future reoccurrence of the question." *Id.* at 87 (citing *Morgan*, 441 S.W.3d at 102). Although sentencing questions are a matter of public interest, satisfying the first element, we cannot agree that the second element is met here. The sentencing statute concerning concurrent and consecutive terms of imprisonment (KRS[1] 532.110) is frequently litigated, and appeals involving this statute number in the hundreds. Public officers are certain to find guidance in one or more of those opinions rendered by this Court or the Kentucky Supreme Court.

Finally, we must remember that this Court "must be vigilant" and guard against unnecessary use of exceptions to the mootness doctrine. *Id.* As a court sitting in review, we "do[] not have authority to settle arguments or

---

[1] Kentucky Revised Statute.

differences of opinion. As we often say, we do not render purely advisory opinions." *Newkirk*, 505 S.W.3d at 774 (quoting *Terrell*, 464 S.W.3d at 498-99).

For the foregoing reasons, there being no justiciable controversy, the above-styled appeal is ORDERED DISMISSED as moot.

ALL CONCUR.

ENTERED: _October 20, 2023__      _____

JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANT:

Kayley Barnes
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christopher Henry
Assistant Attorney General
Frankfort, Kentucky